AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
### DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.                                              **ORDER OF DETENTION PENDING TRIAL**

DARRICK M. WARREN                               Case Number: 06-20165-01-CM-DJW
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

☐ an offense for which the maximum sentence is life imprisonment or death.

☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense

☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: November 16, 2006                        s/ David J. Waxse
                                                *Signature of Judicial Officer*

                                                DAVID J. WAXSE, U.S. MAGISTRATE JUDGE
                                                *Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Darrick M. Warren
Criminal Action 06-20165-01-CM-DJW

## Part II - Written Statement of Reasons for Detention

There is a series of factors I have to look at to determine whether you should be detained or released. The idea is to determine whether there are conditions that will assure your appearance and protect the safety of the community.

The first factor is the nature and circumstances of the offense charged, including whether it is a crime of violence, or an offense listed with a maximum term of imprisonment of ten years, or involves a narcotic drug. You fit two of those categories at this moment, because there are more than ten years possible and a narcotic drug is involved, so that is a negative.

The next factor is the weight of the evidence. There has been a Grand Jury determination of probable cause, so that is a negative.

The next factor is the person's character, physical and mental condition. There is nothing in the report or the proffers about your physical or mental condition that would be a problem, so that is a positive.

Your family ties are a positive.

It does not appear that you have recently had employment, but there has been an indication you could obtain employment, so at this point that is neutral.

There is no indication that you have substantial financial resources that would enable you to flee.

Length of residence in the community is positive.

Community ties are positive.

The next factor is past conduct, which includes history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings. You have had a lot of contact with law enforcement in a fairly short period of time. Since this incident in April you have had two further contacts with law enforcement, so even though you knew you were facing possible problems that did not keep you

from having further contact with law enforcement.

The next factor is whether at the time of the current offense or arrest you were on probation, parole, or other release. It does not appear from the proffer or what I have been provided that you were in that situation.

The final factor is the nature and seriousness of the danger to the person or community that would be posed by your release. On the issue of dangerousness, there is no real basis to consider the proffer that you are involved in a homicide investigation without facts to support that. I can, however, consider the fact that there was a gun near you at the time you were arrested and that there was an occasion where you were charged with aggravated assault. There were also incidents with fleeing, even if you discount the one where it apparently was your brother.

Considering all those factors together, I do not think there are conditions that will adequately assure your appearance so I am going to order that you be detained pending further hearing.